# EXHIBIT 3

Barajas, Norma
Status: Active    Employee Number: 180996

Case 4:24-cv-00890   Document 1-3   Filed 10/04/24   Page 2 of 4 PageID #: 35
Barajas, Norma
Status: Active    Employee Number: 180996

**CONFIDENTIALITY AGREEMENT**

This Agreement is made on the date stated below by and between The Service Companies, a Florida corporation (together with its subsidiaries, collectively the "Company"), and myself ("Prospective or Current Employee").

  **WHEREAS,** Company and Prospective Employee are contemplating entering into an Employee/Employer relationship (the "Relationship"); and

  **WHEREAS,** for the purpose of evaluating, entering into or performing his responsibilities in contemplation of and during the Relationship (the "Purpose"), Prospective Employee may acquire from Company certain proprietary or confidential information of Company; and

  **WHEREAS,** the parties acknowledge the importance to Company of safeguarding the confidentiality of such information.

  **NOW, THEREFORE,** in consideration of the foregoing premises and for other good and valuable consideration, the mutual receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.   **Confidential Information.**

  **(a)** As used herein, "Confidential Information" shall mean, without limitation, any of the following (whether disclosed to the Prospective Employee before, on or after the date of this Agreement):  **(i)** any idea, proposal, plan, information, procedure, technique, formula, technology, method of operation or any other written or oral information of a confidential or proprietary nature, and any intellectual property owned or licensed by Company or relating to Company's business, projects, operations, finances, activities or affairs, whether of a technical nature or not (including trade secrets, know-how, processes, and other technical or business information), or any proposed change thereto, **(ii)** any information in connection with or related to negotiations or discussions between or including Company and Prospective Employee with respect to the Purpose or the Relationship, including without limitation that Company and Prospective Employee are having such negotiations or discussions ("Relationship Information"); **(iii)** any other information disclosed by Company to Prospective Employee and designated by Company as confidential or proprietary, and **(iv)** and any other information that Prospective Employee knows or should know that Company wishes to keep confidential or proprietary.  By way of illustration, but not limitation, Confidential Information includes information regarding **(A)** all of the computer software and technologies, systems, structures, architectures, processes, formulae, compositions, improvements, devices, know-how, inventions, discoveries, concepts, ideas, designs, methods, and information and databases developed, acquired, owned, produced or practiced at any time by Company, software programs and documentation licensed by third parties to Company, and any other similar information or material, **(B)** the business or financial condition of Company or directly or indirectly related to Company's internal administrative, billing and accounting systems; **(C)** customer lists, customer pricing terms or provisions, vendor lists, employee personnel information and policies and procedures; **(D)** Company's products and services; and **(E)** other processes and procedures employed by Company.

  **(b) Notwithstanding the foregoing,** Confidential Information shall not include information **(i)** that currently is or becomes publicly available (other than as a result of a breach by Prospective Employee of this Agreement); or **(ii)** in Prospective Employee's possession prior to its receipt from Company pursuant to this Agreement (provided such prior possession is evidenced by dated records of Prospective Employee).

2.   **Non-Disclosure, Non-Use and Non-Solicitation Obligations.**

  **(a)** Prospective Employee agrees to hold all Confidential Information in strict confidence and shall not, without the express written permission of Company, **(i)** disclose any Confidential Information to any other person or entity or **(ii)** use Confidential Information for any purposes whatsoever other than the Purpose. Notwithstanding the foregoing, Prospective Employee shall be permitted to disclose Confidential Information only to his legal advisors who have an absolute need to know such Confidential Information and who are informed of and agree to be bound by this Agreement.  Prospective Employee shall not make any copies of the Confidential Information except as necessary for his legal advisors with a need to know.  Any copies which are made shall be identified as belonging to Company and marked "confidential," "proprietary" or with a similar legend.  Prospective Employee shall use his best efforts to assist Company in identifying and preventing any unauthorized use or disclosure of any Confidential Information. Without limiting the foregoing, Prospective Employee shall immediately advise Company in the event that he learns or has reason to believe that any person or entity who has had access to Confidential Information has violated or intends to violate the terms of this Agreement, and shall cooperate in seeking injunctive relief against any such person or entity.

  **(b)** Company agrees to hold all Relationship Information in strict confidence and shall not, without the express written permission of Prospective Employee, **(i)** disclose any such Relationship Information to any other person or entity or **(ii)** use such Relationship Information for any purposes whatsoever other than the Purpose.  Notwithstanding the foregoing, Company shall be permitted to disclose such Relationship Information only to controlling persons, directors, officers, employees, affiliates, representatives (including financial advisors, attorneys and accountants), agents or financing sources who have an absolute need to know such Relationship Information and who are informed of and agree to be bound by this Agreement.

  **(c)** Prospective Employee agrees and acknowledges that the Company has spent substantial money, time and effort over the years in developing and solidifying its relationships with its customers, suppliers, vendors, referral sources and payors and in developing its Confidential Information that often can be difficult to develop and requires significant investment of time, effort and expense.  The Company has paid its employees to, among other things, develop and preserve: **(i)** its business information, customer, supplier, vendor, referral source and payor goodwill, **(ii)** the loyalty of its customers, suppliers, vendors, referral sources and payors, and **(iii)** its customer, supplier, vendor, referral source and payor contacts.  Company is hereby agreeing to enter into the Relationship with Prospective Employee based upon Prospective Employee's assurances and promises not to divert any of the foregoing, either individually or on a combined basis, or to put himself in a position, whether during or after the Relationship, in which the confidentiality or proprietary nature of any Confidential Information might somehow be compromised.

  **(d)** Prospective Employee agrees that he will not, at any time during the two (2) year period after the date of this Agreement, directly or indirectly: **(i)** induce or attempt to induce any person or entity who is a director, officer, employee or consultant of the Company to leave the employ of or terminate or breach their respective agreements with the Company, or in any other way deliberately interfere with the relationship between the Company and any such person or entity; or **(ii)** induce or attempt to induce any customer, supplier, distributor or other current or potential business relation of or to the Company to cease doing business with the Company, to reduce or otherwise adversely change its business with the Company, or in any other way deliberately interfere with the relationship between the Company and any such customer, supplier, distributor or other current or potential business relation of the Company.

3.   **Title.**  Title or the right to possess Confidential Information as between the parties shall remain in Company.  Prospective Employee shall not gain any interest or rights in or to the Confidential Information by virtue of its being disclosed to Prospective Employee for the limited purposes contemplated hereunder.

4.   **No Obligation of Disclosure**; Return of Information.  Company has no obligation to disclose Confidential Information to Prospective Employee.  Upon the consummation or sooner termination of the employment discussions and/or Relationship, or at any time upon Company's request, Prospective Employee shall promptly, at Company's option, return all (or, if Company so requests, any part) of the Confidential Information previously disclosed, and all copies thereof, and Prospective Employee shall certify in writing as to his compliance with the foregoing.

5.   **Severability and Judicial Modification.**  If any provision or covenant (or both) contained herein or any part of any of them is hereafter construed or adjudicated to be invalid or unenforceable, the same shall not affect the remainder of the provisions or covenants (or both) or rights or remedies (or both), which shall be given full effect without regard to the invalid or unenforceable portions.  Prospective Employee acknowledges that in the event any provision or covenant (or both) contained herein or any part of any of them is hereafter construed or adjudicated to be invalid or unenforceable in any particular jurisdiction, then, any such invalidity or unenforceability shall not invalidate or render unenforceable such provision and/or covenant in any other jurisdiction.

6.   **GOVERNING LAW.**  THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF FLORIDA, WITHOUT REGARD TO ITS PRINCIPLES OF CONFLICTS OF LAWS.

7.   **CONSENT TO JURISDICTION.**

  **(a)**  THE PARTIES HERETO IRREVOCABLY AND UNCONDITIONALLY SUBMIT TO THE EXCLUSIVE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF FLORIDA (COLLECTIVELY, THE "FLORIDA COURTS"), IN ANY PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR FOR RECOGNITION OR ENFORCEMENT OF ANY JUDGMENT RELATING THERETO, AND THE PARTIES IRREVOCABLY AND UNCONDITIONALLY AGREE THAT ALL CLAIMS IN RESPECT OF ANY SUCH PROCEEDING SHALL BE HEARD AND DETERMINED IN THE FLORIDA COURTS.  PROSPECTIVE EMPLOYEE AND COMPANY AGREE THAT A FINAL JUDGMENT IN ANY SUCH PROCEEDING SHALL BE CONCLUSIVE AND MAY BE ENFORCED IN OTHER JURISDICTIONS BY SUIT ON THE JUDGMENT OR IN ANY OTHER MANNER PROVIDED BY LAW;

  **(b)**  THE PARTIES HERETO IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT IT MAY LEGALLY AND EFFECTIVELY DO SO, ANY OBJECTION WHICH IT MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE OF ANY PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY IN ANY OF THE FLORIDA COURTS.  THE PARTIES HERETO IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, THE DEFENSE OF AN INCONVENIENT FORUM TO THE MAINTENANCE OF SUCH PROCEEDING IN ANY OF THE FLORIDA COURTS.

8.   **WAIVER OF JURY TRIAL.**  THE PARTIES EXPRESSLY WAIVE ANY RIGHT TO A JURY TRIAL IN THE EVENT ANY ACTION ARISING UNDER OR IN CONNECTION WITH THIS AGREEMENT OR PROSPECTIVE EMPLOYEE'S RELATIONSHIP WITH THE COMPANY IS LITIGATED OR HEARD IN ANY COURT.

9.   **General.**

  **(a)** The failure of Company to enforce any right resulting from breach of any provision of this Agreement by Prospective Employee will not be deemed a waiver of any right relating to a subsequent breach of such provision or of any other right hereunder.

  **(b)** Prospective Employee agrees that, in the event of any breach of any provision hereof, Company will not have an adequate remedy in money or damages. Prospective Employee therefore agrees that, in such event, Company shall be entitled to obtain injunctive relief against such breach in any court of competent jurisdiction, without the necessity of posting a bond or other security even if otherwise normally required and without having to prove actual damages.  Such injunctive relief will in no way limit Company's right to obtain other remedies available under applicable law.

  **(c)** Prospective Employee recognizes and acknowledges that the restrictions and limitations set forth in this Agreement are legitimate and fair in light of Prospective Employee's access to Confidential Information and Company's need to protect, develop, market and sell its services and/or products. Prospective Employee further agrees that **(i)** the covenants set forth in this Agreement are reasonable in all respects; and **(ii)** the covenants of Prospective Employee contained in this Agreement have been made in order to assist employment discussions and induce Company to consider entering into a Relationship with Prospective Employee and Company would not have entered into discussions relating to the Relationship but for the covenants of Prospective Employee in this Agreement.

  **(d)** Prospective Employee agrees that his obligations set forth in this Agreement are in addition to, and not in lieu of, any obligations he has to Company pursuant to any other agreement between Prospective Employee and Company, at common law or otherwise.

**(e)** This Agreement shall survive the termination of employment discussions and/or Prospective Employee's Relationship with Company and/or the assignment of this Agreement by Company to any successor in interest or other assignee.

**(f)** This Agreement constitutes the entire agreement between the parties with respect to the disclosure of Confidential Information and may not be amended except in a writing signed or electronically acknowledged by a duly authorized representative of the respective parties.

**(g)** This Agreement may be executed in one or more counterparts, all of which will be considered one and the same agreement and will become effective when one or more counterparts have been signed or electronically acknowledged by each of the parties and delivered to the other parties, regardless of whether all of the parties have executed the same counterpart. Counterparts may be delivered via facsimile, electronic mail (including pdf) or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

PROSPECTIVE EMPLOYEE HAS READ THIS AGREEMENT CAREFULLY, AND PROSPECTIVE EMPLOYEE UNDERSTANDS AND ACCEPTS THE OBLIGATIONS WHICH THIS AGREEMENT IMPOSES UPON PROSPECTIVE EMPLOYEE WITHOUT RESERVATION. NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO PROSPECTIVE EMPLOYEE TO INDUCE HIM TO SIGN THIS AGREEMENT. PROSPECTIVE EMPLOYEE SIGNS THIS AGREEMENT VOLUNTARILY AND FREELY.

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement as of the date below

**By checking the box below I hereby acknowledge that I read, understand and agree with the information stated above.**

File list is empty.

☑ I accept and acknowledge the company policy above.     Date: 7/5/2021

**Comment**
Add comment to the employee's file.