UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| THE SERVICE COMPANIES, INC.<br>Plaintiff,<br>v.<br><br>NORMA L. BARAJAS, et al.<br><br>Defendants. | Civil Action No. 4:24CV890<br><br>JUDGE AMOS L. MAZZANT III |

**PLAINTIFF THE SERVICE COMPANIES, INC.'S REPLY IN SUPPORT OF ITS
<u>MOTION TO COMPEL DEFENDANTS' PRODUCTION OF DOCUMENTS</u>**

In their lackluster reply, Defendants Norma L. Barajas ("Barajas") and Wellness Cleaning, LLC ("Wellness" and together with Barajas, "Defendants") fail to address several of the grounds set forth in Plaintiff The Service Companies, Inc.'s ("TSC") Motion to Compel Defendant's Production of Documents ("Motion").  Nor does Defendants' supplemental production, which includes approximately 1,000 new pages of documents, remedy these issues.  As set forth in TSC's Motion, TSC requested the production of information related to Wellness' hiring of Barajas; Barajas' tax returns and compensation information; Barajas' phone records; Barajas' Wellness employment agreement; and Wellness and Barajas' communications with TSC customers.  Despite now claiming that "Defendants have never refused discovery," Defendants still refuse to produce Wellness' hiring of Barajas; Barajas' tax returns and compensation information; Barajas' phone records; and Wellness and Barajas' communications with TSC customers.  Moreover, Defendants claim that Barajas has no employment agreements with Wellness, or documents related to her application or employment.

As set forth in the Motion, this information is especially relevant to the pending litigation—Barajas resigned from TSC to run an identical program at Wellness (TSC's competitor), in violation of several restrictive covenants.  Before she resigned, Barajas forwarded several emails

containing TSC confidential information to herself and used them to admittedly solicit TSC's customers and clients. While Defendants have now made a modest supplemental production as of October 17, 2025, Defendants have still failed to meet and confer with TSC (after four requests to do so) and continue to object to producing documents that are plainly relevant to this dispute. As such, TSC respectfully asks this Court to compel Defendants production of information related to Wellness' hiring of Barajas, Wellness and Barajas' communications with TSC customers, Barajas' phone records, Barajas' tax returns and compensation information, and Barajas' Wellness employment agreement.

## ARGUMENT

### A. Wellness' Hiring of Barajas.

Barajas' communications with Wellness before she was hired are relevant because such communications could show, among other things, the steps Barajas took to compete with TSC *before* she resigned and discussions about what her role would be at Wellness (thereby showing how Barajas would compete against TSC and/or solicit business from TSC customers). Moreover, these communications will reveal what Barajas told TSC customers, and whether she discussed her forthcoming resignation from TSC and new job at Wellness. As such, this information is highly relevant to all claims pending against Barajas and Wellness and TSC requests that this Court order its production.

### B. Barajas' Tax Returns and Compensation Information.

Despite Defendants' continued objection to TSC's request for production of Barajas' tax returns and corresponding compensation information, TSC maintains that these documents are relevant and discoverable. The Fifth Circuit has made clear that "[]tax returns are neither privileged nor undiscoverable." *Wilkerson v. Pioneer Nat. Res. Co.*, No. MO21CV00192DCRCG,

2022 WL 2783849, at *3 (W.D. Tex. May 24, 2022). Instead, tax returns are discoverable where they are relevant and there is a compelling need for the information they contain. *See Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993).

In short, Barajas' 2021-2024 tax returns and compensation records are relevant to *all* claims pending. *See* 18 U.S. Code § 1836(b)(3)(B) (allowing for disgorgement of profits); *see also* Fla. Stat. § 668.001(4) (same). And, as of October 22, 2025, the parties are working together to enter a Protective Order for this matter— which obviates concerns about the disclosure of Barajas' personal data. As such, TSC respectfully requests this Court compel Barajas and Wellness to produce Barajas' tax returns and compensation records for 2021-2024.

### C. Barajas' Phone Records.

TSC's request for Barajas' phone records from June 2023 (when she resigned from TSC) through the present date is directly relevant to TSC's claims. Barajas' cell phone records *only* show which number was called and when. Despite Defendants' red herring claim that such production would encompass personal, privileged, or irrelevant communications, Barajas' cell phone records would not show actual communications or descriptions of said communications. Cell phone records, which are just lists of the numbers that have placed calls to, or were called by, Barajas, would show when prior and current TSC clients and customers were contacted by Barajas and when Barajas was first solicited by Wellness. As such, TSC's request for "cell-phone records will help the [p]arties prove or disprove [p]laintiff's allegations." *See Vasquez v. Conquest Completion Services, LLC*, No. MO:15-CV-188-DAE-DC, 2018 WL 3611891 (W.D. Tex. Jan. 10, 2018) (citing Fed. R. Civ. P. 26(b)(1)). TSC respectfully requests this Court compel Barajas to produce her cell phone records from June 1, 2023, to the present date.

### D. Barajas' Wellness Employment Agreement.

Despite Barajas' objection, her employment agreement with Wellness is both relevant and admissible. TSC is entitled to investigate Wellness' attitude towards restrictive covenants, which will be revealed by the contents of Barajas' employment agreement with Wellness. *See Randstad General Partner (US), LLC v. Beacon Hill Staffing Group, LLC*, No. 3:20-CV-2814-N-BN, 2021 WL 4319673 (N.D. Tex. Sept. 23, 2021) (finding that scope of discovery included "general practices, approaches, and attitudes toward restrictive covenant agreements and hiring away employees subject to them" pursuant to claims for intentional interference, unfair competition, and breach of contract). TSC respectfully requests this Court compel Barajas and Wellness to produce Barajas' employment agreement, or agreements, with Wellness.

### E. Wellness and Barajas' Communications with TSC Customers.

Finally, Wellness and Barajas' communications with TSC customers or clients are both relevant and responsive. Notably, Barajas and Wellness have *admitted* that such communications exist. Such communications will reveal the extent of Barajas and Wellness' misappropriation of TSC's trade secrets. As such, TSC respectfully requests this Court compel Barajas' and Wellness's production of all communications with TSC customers or clients.

### F. TSC Requests An Award of Its Fees Associated with Filing its Motion.

Where if discovery is provided after the filing of such a motion, the Federal Rules of Civil Procedure mandate an award of attorney's fees to the moving party. Fed. R. Civ. P. 37(a)(5)(A); *see Acorn Semi, LLC v. Samsung Elecs. Co.*, No. 2:19-CV-00347-JRG, 2021 WL 2720480 (E.D. Tex. Feb. 4, 2021) (awarding attorney's fees where (i) the movant did not file a motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was not substantially justified; or (iii) other

circumstances did not make an award of expenses unjust). Because Defendants made a supplemental – and lacking – production only after this Motion was filed, TSC respectfully requests that this Court grant TSC's Motion and award TSC its fees associated with the Motion.

## CONCLUSION

Plaintiff The Service Companies, Inc. respectfully requests that this Court grant its Motion and enter an Order: (a) compelling Defendants to produce Barajas' state and federal tax returns for 2021 through 2024 and all documents and communications relating to Barajas' compensation during that period; (b) compelling Barajas to produce her phone records from June 1, 2023 through the present date; (c); compelling Defendants to produce Barajas' employment agreements with Wellness; (d) compelling Defendants to produce Wellness' and Barajas' communications with any TSC customers; (e) TSC's fees related to the filing of its Motion to Compel; and (g) ordering any further relief this Court deems appropriate.

Dated: October 23, 2025

Respectfully submitted,

*/s/ J. Scott Humphrey*
J. Scott Humphrey (6239169IL)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606-4637
Telephone: (312) 624-6420
shumphrey@beneschlaw.com

Sarah J. Schneider (0101367OH)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4160
sschneider@beneschlaw.com

*Attorneys for The Service Companies, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on 23rd day of October 2025, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system that will send notice of the electronic filing to all parties of record.

                                            */s/ J. Scott Humphrey*

                                            J. Scott Humphrey

                                            *Attorney for The Service Companies, Inc.*

27674423