# United States District Court

## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| THE SERVICE COMPANIES, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:24-cv-890 |
| | § | Judge Mazzant |
| NORMA L. BARAJAS, et al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff The Service Companies' Motion to Compel Defendant's Production of Documents (Dkt. #21). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This case involves a dispute between a former employer The Service Companies, Inc. ("Plaintiff" or "TSC"), its former employee Norma Barajas ("Barajas"), and her current employer Wellness Cleaning LLC ("Wellness") (collectively, "Defendants"). More specifically, Plaintiff alleges that Defendants misappropriated, disclosed, and used (without authorization) Plaintiff's confidential information (*See* Dkt. #1 at pp. 1–2; Dkt. #21 at p. 5). On October 24, 2024, Plaintiff filed this lawsuit asserting six causes of actions: (1) violation of the Federal Defend Trade Secrets Act, 18 U.S.C. § 1833, against all Defendants; (2) violation of the Florida Uniform Trade Secrets Act, Fla. Stat. § 668, against all Defendants; (3) tortious interference with business relations against all Defendants; (4) unfair competition against all Defendants; (5) replevin against all Defendants; and (6) breach of contract against Barajas (*See* Dkt. #1 at pp. 1–2; Dkt. #21 at p. 5).

On May 21, 2025, Plaintiff served its First Set of Interrogatories and Requests for Production on Defendants (Dkt. #21 at p. 6). On July 11, 2025, Defendants provided their responses and objections to Plaintiff's First Set of Interrogatories and Requests (Dkt. #21 at p. 6). On August 4, 2025, Plaintiff sent Defendants a discovery deficiency letter, which raised the same issues that Plaintiff now includes in its Motion to Compel (Dkt. #21 at p. 8). On October 3, 2025, after being unable to resolve the discovery dispute without court intervention, Plaintiff filed this Motion to Compel Defendant's Production of Documents (Dkt. #21). At issue in the Motion are five categories of requests: (1) Wellness's hiring of Barajas; (2) Barajas's tax returns for 2021 through 2024 and compensation information; (3) Barajas's phone records; (4) Barajas's Wellness Employment Agreement; and (5) Wellness and Barjas's communication with Plaintiff's customers (Dkt. #21 at pp. 6–7). On October 6, 2025, the Court denied Plaintiff's Motion to Compel after finding that it failed to comply with this Court's Local Rule relating to discovery disputes (Dkt. #22).[1] Later that same day, Plaintiff called chambers to schedule a telephone conference regarding the parties' discovery dispute, which the Court set for October 9, 2025.

On October 9, 2025, the Court held the scheduled telephone conference at which counsel for both parties appeared. During the telephone conference, the Court reinstated Plaintiff's Motion to Compel and ordered that Defendants file a response, if any, by no later than 5:00 p.m. on October 16, 2025. On October 16, 2025, Defendants filed their Response, claiming that Plaintiff's Motion to Compel should be denied because: (1) Defendants have repeatedly confirmed to Plaintiff that they are actively working on gathering responsive materials to some of the requests

---

[1] More specifically, Plaintiff did not call chambers to schedule a telephone conference before filing the Motion to Compel which is a violation of the Court's Local Rule CV-7(h) (*See* Dkt. #22).

at issue which have been delayed only because of client travel and technical issues; (2) certain requests Plaintiff seeks to compel Defendants to produce in its Motion are overly broad and invasive; (3) certain requests Plaintiff seeks to compel Defendants to produce in its Motion require further clarification before they can respond; and (4) Defendants' objections were based on well-recognized privacy and proportionality principles and Defendants have been actively working to supplement production with any delay having been minor, justified and undertaken in good faith (Dkt. #24 at ¶¶ 1–4).[2] On October 23, 2025, Plaintiff filed its Reply in Support of its Motion to Compel Defendant's Production of Documents (Dkt. #25).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party'" (Dkt. #14 at p. 4). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense . . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court . . . ." *Freeman v. United States*, 556

---

[2] Defendants also contend, without citing any case law, that a "motion to compel is improper where the responding party is actively cooperating and supplementing, after having timely responded" (Dkt. #24 at ¶ 1).

F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are discoverable. *See Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." FED. R. CIV. P. 26(g), advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. Fᴇᴅ. R. Cɪᴠ. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. Fᴇᴅ. R. Cɪᴠ. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.*

## ANALYSIS

In its Motion to Compel, Plaintiff requests that the Court issue an order compelling Defendants to produce: (1) all communications regarding Wellness's solicitation, interviewing, or hiring of Barajas; (2) Barajas's state and federal tax returns from 2021 through 2024, and all withheld documents and communications relating to Barajas's compensation by Wellness; (3) Barajas's phone records from June 1, 2023 through the present date; (4) Barajas's employment agreements with Wellness; and (5) Wellness and Barajas's communication with any TSC customer (Dkt. #21 at p. 1). The Court addresses each request in turn.

## I.    Communications Regarding Wellness's Solicitation, Interviewing, or Hiring of Barajas

The specific discovery requests included in the first category that Plaintiff seeks to compel are Interrogatory Nos. 6 and 7 to Barajas and Interrogatory Nos. 8 and 9 to Wellness (Dkt. #21 at p. 6). Interrogatory Nos. 6 and 7 asks Barajas to "[i]dentify all Communications You had with any Wellness employees in advance of Your resignation on June 19, 2023" and to "[i]dentify all the Persons you communicated with about employment or potential employment with Wellness and

the date You received an offer of employment from Wellness" (Dkt. #21-2 at p. 7). Interrogatory Nos. 8 and 9 asks Wellness to "[i]dentify the first date You spoke with Barajas about working at Wellness and all Persons who spoke with Barajas about working at Wellness and all Persons who spoke with Barajas about potential employment with Wellness" and to "[i]dentify the date You extended an employment offer to Barajas" (Dkt. #21-4 at pp. 7–8).  In response, Barajas objects to Interrogatory Nos. 6 and 7 as seeking "information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" (Dkt. #21-5 at p. 4). Similarly, in response, Wellness objects to Interrogatory Nos. 8 and 9 as seeking "information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" (Dkt. #21-6 at pp. 3–4).

Plaintiff contends that the Court should order Defendants to provide information relating to all communications regarding Wellness's solicitation, interviewing, or hiring of Barajas because these discovery requests are appropriate and relevant given the nature of the allegations in this case (Dkt. #21 at p. 11). Specifically, Plaintiff argues that, as pled, and confirmed by the many emails produced in Barajas's initial production, immediately after resigning Barajas started working at Wellness, despite making contrary representations to Plaintiff (Dkt. #21 at p. 11). As a result, Plaintiff contends that it is entitled to investigate when Barajas was contacted by Wellness, who she interviewed with and when, and whether Wellness and Barajas discussed her restrictive covenants before her hiring, especially given that Barajas's downloaded and forwarded a large swath of data before she resigned (Dkt. #21 at p. 11). Defendants, in addition to raising two general assertions about Plaintiff's Motion to Compel,[3] argue that communications before Wellness hired Barajas are

---

[3] Generally, Defendants contends, without citing any case law, that a motion to compel is improper where the responding party is actively cooperating and supplementing after having timely responded and that all of Defendants' objections were based on well-recognized privacy and proportionality principles (Dkt. #24 at ¶¶ 1, 4).

not relevant to the trade secret or contract claims, especially if they do not involve Plaintiff's information (Dkt. #24 at ¶ 2).

Here, the Court finds that the information requested in Interrogatory Nos. 6 and 7 to Barajas and Interrogatory Nos. 8 and 9 to Wellness are relevant to the claims at issue in this case. The central issue to be decided in this case is whether Defendants have misappropriated Plaintiff's trade secrets.[4] To prevail on a claim for misappropriation of trade secrets, a plaintiff must show that: "(1) a trade secret existed, (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means, and (3) the defendant used the trade secret without authorization from the plaintiff." *DeWolff, Bobert & Assocs. Inc. v. Pethick*, 133 F.4th 448, 452 (5th Cir. 2025). A simple review of the discovery requests in light of these legal requirements makes clear that the information sought is relevant to Plaintiff's misappropriation claim or, at the very least, reasonably calculated to lead to the discovery of admissible evidence. Indeed, communications that pre-date Barajas's hiring are highly relevant to show whether Plaintiff's trade secrets were acquired through a breach of a confidential relationship or discovered by improper means and whether Defendants used Plaintiff's trade secrets without authorization. Accordingly, Plaintiff's Motion to Compel Barajas's responses to Interrogatory Nos. 6 and 7 and Wellness's responses to Interrogatory Nos. 8 and 9 are **GRANTED**.

---

[4]  Specifically, the Court finds that all of the other claims alleged by Plaintiff in this case—tortious interference with business relations, unfair competition, replevin, and breach of contract—are based on Defendants misappropriation of trade secrets (Dkt. #21 at p. 5).

## II.    Barajas's State and Federal Tax Returns From 2021 Through 2024 and Documents and Communications Relating to Barajas's Compensation by Wellness

The specific discovery requests included in the second category that Plaintiff seeks to compel are Request Nos. 31 and 32. Request Nos. 31 and 32 asks Barajas to produce "[a]ll state and federal tax returns from  2021 through 2024" and "[a]ll Documents and Communications that identify any compensation You have received from Wellness" (Dkt. #21-1 at p. 12). In response, Barajas objects to these Requests as "overly broad in time and scope, unduly burdensome and, as written, seeks information that is neither relevant nor reasonably calculated to lead to the discover of admissible evidence" (Dkt. #21-5 at p. 9).

Plaintiff contends that the Court should order Barajas to produce her 2021–2024 tax returns and all documents and communications relating to her compensation by Wellness, because it will help determine the amount of money that Barajas has earned from the misappropriation of Plaintiff's confidential information and solicitation of Plaintiff's customers and clients (Dkt. #21 at p. 11). Moreover, Plaintiff contends that Barajas's 2021–2024 tax returns are relevant to all claims asserted against Defendants and to Plaintiff's damages calculations. However, Plaintiff claims that this information is especially relevant to its trade secrets claims, which allow for disgorgement of profits resulting from such theft (Dkt. #21 at p. 12). Defendants, other than asserting the same boilerplate objection to both Requests, do not explicitly rebut Plaintiff's argument that the Court should order Barajas to produce her 2021–2024 tax returns and all documents and communications relating to Barajas's compensation by Wellness (*See* Dkt. #24). Instead, Defendants assert generally, and without offering any case law, that a motion to compel is improper where the responding party is actively cooperating and supplementing after having timely responded and that

the objections were based on well-recognized privacy and proportionality principles (Dkt. #24 at ¶¶ 1, 4).

The Fifth Circuit has repeatedly recognized that "[t]ax returns are neither privileged nor undiscoverable." *CHU de Quebec – Universite Laval v. DreamScape Dev. Grp. Holdings Inc.*, 2022 WL 1719405, at *5 (E.D. Tex. May 27, 2022) (citing *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995)). However, in recognizing that income tax returns are highly sensitive documents, "courts are reluctant to order their routine disclosure as part of discovery." *Vine v. PLS Fin. Servs., Inc.*, 2020 WL 408983, at *7 (E.D. Tex. Jan. 24, 2020) (citation omitted). Thus, for a court to order the disclosure of tax returns, "the court must find both that the returns are relevant to the subject matter of the action and that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Id.* (citation modified); *see also Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993) (explaining that this two-part burden is imposed because taxpayers' privacy concerns are at stake and unanticipated disclosure of returns "threatens the effective administration of our federal tax laws given the self-reporting, self-assessing character of the income tax system."). Under this two-part test, courts generally require the party seeking production to demonstrate relevance, after which "the burden shifts to the party opposing production to show other sources exist from which the information contained in the returns may be readily obtained." *CHU de Quebec – Universite Laval*, 2022 WL 1719405 at *5 (citation omitted).

The Court finds that Plaintiff's Motion to Compel Barajas's response to Request No. 31 should be denied. To establish the relevance of such discovery, Plaintiff relies on its punitive damages claims for Barajas's violations of both the Federal Defend Trade Secrets Act (the

"DTSA") and the Florida Uniform Trade Secrets Act (the "FUTSA"). Moreover, Plaintiff's Complaint lists an award of punitive damages in the final relief request section (*See* Dkt. #1 at p. 25 (stating that Plaintiff respectfully requests that this Court "[e]nter judgment against Barajas . . . for punitive damages in the amount to be determined at trial.")). Additionally, in connection with Plaintiff's trade secret claims, the Complaint alleges, in conclusory terms, that "Barajas' and Wellness' misappropriation of TSC Confidential Information has been *willful* and *malicious* " and that "Defendants misappropriation of TSC's Confidential information has been *willful* and *malicious* " (Dkt. #1 at ¶¶ 111, 125) (emphasis added), language consistent with DTSA and FUTSA's statutory standards for punitive damages.[5] Here, the Court finds that Plaintiff's bases for establishing the relevancy of the information sought in Request No. 31 are consistent with the Supreme Court's precedent recognizing the relevance of a party's financial position with regard to the assessment of punitive damages. *See TXO Prod. Corp. v. All. Res. Corp.*, 509 U.S. 443, 462 n.28 (1993) ("Under well-settled law, however, factors such as net worth are typically considered in assessing punitive damages.") (citation modified); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 22 (1999) (approving consideration of defendant's "financial position" in assessing punitive damages).

However, even if the Court assumes that the requested financial information is relevant (in the broadest sense under Rule 26(b)), the simple fact that it is discoverable does not mean that discovery must be had. Indeed, the Court, on motion or on its own initiative, may limit discovery that is otherwise permitted if it concludes, among other things, that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more

---

[5]  *See* 18 U.S.C. § 1836(b)(3)(C) (providing that "if a trade secret is willfully and maliciously misappropriated, award exemplary damages in an amount not more than 2 times the amount of damages awarded under subparagraph (B)."); *see also* FLA. STAT. ANN. §688.004(2) (providing that "[i]f willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subsection (1).").

convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Here, considering the privacy concerns implicated by ordering Barajas's tax returns to be disclosed and the existence of other less intrusive sources from which the information contained in the income tax returns may be readily obtained (i.e., Barajas's W-2s or interrogatories and requests for production), the Court finds that disclosure of Barajas's tax returns is not necessary in this case. Additionally, the Court would be remiss if it did not also mention that the temporal scope of Request No. 31 is overly broad. More specifically, based on Plaintiff's own allegations, Barajas did not resign from her position with TSC to join Wellness until June 19, 2023 (Dkt. #1 at ¶ 56; Dkt. #21 at p. 5). Thus, the profits that Barajas's may have made from misappropriating Plaintiff's trade secrets, if any, would not even be reflected in Barajas's 2021 and 2022 tax returns. Accordingly, Plaintiff's Motion to Compel Barajas's response to Request No. 31 is **DENIED**.

Next, the Court will address Plaintiff's Motion to Compel Barajas's response to Request No. 32. As discussed above, Plaintiff has established that Barajas's compensation is relevant to the claims at issue in this case including, but not limited to, its damages claim for trade secret misappropriation. *See e.g., Richards v. Lufkin Indus., LLC*, 2016 WL 11650897, at *4 (E.D. Tex. Apr. 14, 2016) (finding that defendant's discovery request that sought information related to plaintiff's wages and earnings are highly relevant and should be discoverable as they relate to plaintiff's claim for damages); *Merill v. Waffle House, Inc.*, 227 F.R.D. 475, 478 (N.D. Tex. 2005) (finding that the discovery request for defendant's financial information is appropriate in light of plaintiff's punitive damages claim); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 137 (E.D. Tex. 2003) (explaining that courts have "consistently found that evidence of a defendant's financial worth is relevant, discoverable, and admissible at trial to evaluate plaintiff's punitive damages

11

claim). Indeed, ordering the production of Barajas's compensation records allows Plaintiff to obtain the relevant information it seeks in Request No. 31 without running the risk of implicating the privacy concerns that apply when a party seeks the production of tax returns. *See Merill*, 227 F.R.D. at 478 (allowing the discovery of salary figures after finding that their disclosure does not run the same risk of errant disclosure of irrelevant private information that applies when a party seeks production of personal income tax returns). Additionally, the Court's decision to grant Plaintiff's request to compel Barajas's response to Request No. 32 is further supported by the fact that Barajas has waived her objection to this request by relying on general boilerplate language. *See Nichols v. White*, 2020 WL 8271876, *1 (E.D. Tex. Feb. 10, 2020) ("A party waives its objection if it makes general or boilerplate objections to discovery requests."). In the Fifth Circuit, "[t]he party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *O'Bryant v. Walgreen Co.*, 802 F. App'x 826, 833 (5th Cir. 2020) (citation modified). Here, Barajas's objection to Request No. 32 fails to state the reasons as to why this specific request is overly broad and unduly burdensome.[6] Moreover, despite being provided with another opportunity to do so, Barajas declined to explain or support its objection to this request by filing a substantive response to Plaintiff's Motion to Compel. Instead, Barajas simply opted to submit a short two page (four paragraph) general opposition to Plaintiff's Motion (*See* Dkt. #24). Accordingly, Plaintiff's Motion to Compel Barajas's response to Request No. 32 is **GRANTED**.

---

[6] Barajas's response to Request No. 32 states: Defendant objects to this request as "overly broad in time and scope, unduly burdensome and, as written, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" (Dkt. #21-5 at p. 9).

### III.    Barajas's Phone Records from June 1, 2023, to Present

The specific discovery request included in the third category that Plaintiff seeks to compel is Request No. 20 (Dkt. #21 at p. 7). Request No. 20 asks Barajas to produce "[a]ll phone records from June 2023 to present" (Dkt. #21-1 at p. 9). In response, Barajas objects to Request No. 20 as seeking "information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" (Dkt. #21-5 at p. 8).

Plaintiff contends that the Court should order Barajas to produce all of her phone records from June 2023 to present, because an investigation into Barajas's phone records could help Plaintiff determine: (1) which prior and current TSC customers were contacted by Barajas and when; and (2) when Barajas was first solicited by Wellness—especially in light of her pre-departure misappropriation of its confidential information (Dkt. #21 at p. 12). Moreover, Plaintiff also contends that because Barajas has already admitted to contacting one of Plaintiff's customers, Harrah's Chaerokee, Plaintiff is allowed to inquire into her phone records because these records will reveal the extent and timing of Barajas's contact with Plaintiff's customers (Dkt. #21 at pp. 12–13). Defendants, in addition to raising the same two general assertions mentioned above,[7] responds that Request No. 20 is overly broad and invasive as it encompasses personal, privileged, and/or irrelevant communications (Dkt. #24 at ¶ 3).

Here, the Court finds that Request No. 20, as written, seeks  to compel the disclosure of irrelevant materials that are not proportional to the needs of the case. While the request is limited in time (from June 2023 to present), it is unconstrained in topical scope—it seeks from Barajas

---

[7] Generally, Defendants contend, without citing any case law, that a motion to compel is improper where the responding party is actively cooperating and supplementing after having timely responded and that all of Defendants' objections were based on well-recognized privacy and proportionality principles (Dkt. #24 at ¶¶ 1, 4).

copies of "all phone records," with no corresponding criteria appropriately restricting its breadth. As a result, it covers all phone calls to individuals and businesses regardless of the subject, many of which would be wholly unrelated to dispute at issue. Even construing relevancy broadly, the Court is not convinced that Plaintiff's request is narrowly tailored to the issues at stake. *See Nava v. Allstate Tex. Lloyds*, 2021 WL 7906872, at *6 (E.D. Tex. July 14, 2021) (explaining that "[a]lthough relevancy in the context of discovery is broader than in the context of admissibility, this tenant should not be misapplied as to allow fishing expeditions."). Moreover, Barajas's phone records would not help to prove the claims at issue in this case. Indeed, these records would only reveal general information such as the date, time, call length, and person called, not the substance of any discussion between Barajas and Plaintiff's customers and clients. *See Richmond v. Coastal Bend College Dist.*, 2009 WL 1940034, at *5 (S.D. Tex. July 2, 2009) (denying plaintiff's motion to compel the phone records of defendants finding that the records would only show "the date, time, call length, and person called, not the substance of any discussion . . . and the mere fact that [d]efendants communicated by personal cellphone does not prove the matters discussed were either personal or illegal."). Thus, the requested phone records would not, as Plaintiff argues, identify the communications where "Barajas used TSC confidential information to solicit customers and clients of TSC" (Dkt. #21 at p. 13). Additionally, even if the Court assumes that the information sought in this request was relevant, the request would still be denied because it is unreasonably cumulative as it relates to identifying the names of Plaintiff's prior and current customers that Defendants have contacted since Barajas's departure, which will be produced in response to Interrogatory No. 15 and Request Nos. 8, 10, and 24 to Wellness. *See Aspen Specialty Ins. Co. v. Yin Invs. USA, LP*, 2021 WL 4170794, at *1 (E.D. Tex. July 16, 2021) (citing Fed. R. Civ.

P. 26(b)(2)(C)) (explaining that a court must limit discovery when it determines that the discovery sought is "unreasonably cumulative or duplicative" to the other requests). Accordingly, Plaintiff's Motion to Compel Barajas's response to Request No. 20 is **DENIED**.

**IV.    Barajas's Employment Agreements with Wellness**

The specific discovery request included in the fourth category that Plaintiff seeks to compel is Request No. 19 (Dkt. #21 at p. 7). Request No. 19 asks Barajas to produce "[a]ll Agreements between You and Wellness, including but not limited to, employment agreements and confidentiality agreements" (Dkt. #21-1 at p. 9). In response, Barajas objects to Request No. 19 as seeking "information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" (Dkt. #21-5 at p. 7).

Plaintiff contends that the Court should order Barajas to produce her employment agreement with Wellness, because Barajas's employment at Wellness is germane to this case (Dkt. #21 at p. 13). Moreover, Plaintiff also contends that because Barajas admits to contacting Plaintiff's customers and potentially using confidential information to do so well working for Wellness, Plaintiff is within its right to confirm whether Wellness had restrictive covenants and to determine Wellness's attitude towards restrictive covenants more generally (Dkt. #21 at p. 13). Defendants, other than asserting a general boilerplate objection to the request, do not explicitly rebut Plaintiff's argument that the Court should order Barajas to produce her employment agreement with Wellness (*See* Dkt. #24). Instead, Defendants assert generally, and without offering any case law, that a motion to compel is improper where the responding party is actively cooperating and supplementing after having timely responded and that the objections were based on well-recognized privacy and proportionality principles (Dkt. #24 at ¶¶ 1, 4).

Here, the Court finds that Request No. 19 seeks the disclosure of information that is both relevant and proportional to the needs of this case. Plaintiff correctly contends that Barajas's employment at Wellness is germane to this case (Dkt. #21 at p. 13). Indeed, it is clear from a review of the allegations in Plaintiff's Complaint that documents containing the terms of Barajas's employment with Wellness are relevant to, at a minimum, Plaintiff's breach of contract and trade secret misappropriation claims (Dkt. #1 at ¶ 152 (alleging that Barajas's agreed to certain restrictive covenants in her employment agreement including, among other things, that "for a period of two (2) years following her separation from TSC not provide similar services within sixty (60) miles of any location that TSC provided services at within one (1) year prior to her termination.")). Additionally, the Court's decision to compel Barajas's response to Request No. 19 is further supported by the fact that Barajas has waived her objection to this request by relying on general boilerplate language. As discussed above, in the Fifth Circuit, "[t]he party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *O'Bryant*, 802 F. App'x at 833 (citation modified). Here, Barajas's objection to Request No. 19 fails to explain how this specific request seeks "information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" (Dkt. #21-5 at p. 7). *See Mahalingam v. Wells Fargo Bank, N.A.*, 349 F.R.D. 127, 144 (N.D. Tex. 2023) (finding that defendant waived its objections where the objections "do not explain how the materials that each request seeks are irrelevant to the claims or defenses in this case"). Moreover, despite being provided with another opportunity to do so, Barajas declined to explain or support its objection to this request by filing a substantive response to Plaintiff's Motion to Compel. Instead, Barajas simply opted to submit a short two page (four paragraph) general opposition to Plaintiff's Motion

(*See* Dkt. #24). Accordingly, Plaintiff's Motion to Compel Barajas's response to Request No. 19 is **GRANTED**.

## V.    Wellness and Barajas's Communication with Any TSC Customer

The specific discovery requests included in the final category that Plaintiff seeks to compel are Interrogatory No. 15 to Wellness and Request Nos. 8, 10, and 25 to Wellness (Dkt. #21 at pp. 7–8). Interrogatory No. 15 asks Wellness to "[i]dentify the name, contact, and address of all TSC Customers whose information You received from Barajas" (Dkt. #21-4 at p. 9). Requests Nos. 8, 10, and 25 asks Wellness to produce "[a]ll Documents or Communications between You and any Person relating to any TSC Customer since June 1, 2023" and "[a]ll Documents or Communications between You and any Person You know or have reason to believe is a TSC Customer or was a TSC Customer at any point from June 1, 2023 to the current date" and "[d]ocuments related to Wellness' housekeeping and/or cleaning services in Cherokee, North Caroline; Lake Tahoe, Nevada; Hawaii; and/or Laughlin, Nevada" (Dkt. #21-3 at pp. 7–8, 10). In response, Wellness answers Interrogatory No. 15 stating "[o]nly Harrah's Cherokee" (Dkt. #21-6 at p. 4). In response, Wellness objects to Request Nos. 8, 10, and 25 as "overly broad in time and scope, unduly burdensome and, as written, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" (Dkt. #21-6 at pp. 6–9).

Plaintiff contends that the Court should order Wellness to provide all communications Defendants have with Plaintiff's customers or clients because these discovery requests are relevant and responsive to the claims at issue in this case (Dkt. #21 at p. 14). Additionally, Plaintiff also argues that an order compelling Wellness to provide responses to these request is further supported by the following: (1) Barajas and Wellness have admitted that such communications exist; (2) these communications may very well be the ill-gotten gains of Barajas and Wellness's misappropriation

of Plaintiff's trade secrets; and (3) Plaintiff's claims for breach of contract, tortious interference, and unfair competition also support to the production of these communications, especially in light of Wellness's prior admission that it did receive customer information from Barajas (Dkt. #21 at p. 14). Defendants, in addition to raising the same two general assertions mentioned above,[8] acknowledges that communications with Plaintiff's customers may be relevant and claims to be in the process of locating and producing these responsive materials (Dkt. #24 at ¶ 3). However, Defendants argue that Request No. 8, in its current form, is broadly worded and may require further clarification (Dkt. #24 at ¶ 3).

The Court will address each of these discovery requests in turn. However, in an effort to streamline its analysis, the Court finds, after considering the parties arguments and reviewing the applicable law, that Plaintiff has established the relevancy of the information sought in each of these requests. Thus, the Court's analysis below will focus solely on the adequacy of the responses and objections provided by Wellness for each of the four discovery requests at issue under this final category.

### A.    Interrogatory No. 15 to Wellness

In response to Interrogatory No. 15, Wellness provides only a short three-word response stating: "[o]nly Harrah's Cherokee" (Dkt. #21-6 at p. 4). Under the Federal Rules of Civil Procedure, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). Here, the Court finds that Wellness has failed to provide a complete response to Interrogatory No. 15. Indeed, Wellness's response fails to

---

[8]    Generally, Defendants contend, without citing any case law, that a motion to compel is improper where the responding party is actively cooperating and supplementing after having timely responded and that all of Defendants' objections were based on well-recognized privacy and proportionality principles (Dkt. #24 at ¶¶ 1, 4).

provide most of the information Plaintiff requested—i.e., "[i]dentify the name, *contact* and *address* of the TSC customers whose information Wellness received from Barajas" (Dkt. #21 at p. 9) (emphasis added). Accordingly, Plaintiff's Motion to Compel Wellness's response to Interrogatory No. 15 is **GRANTED**.

      **B.**      **Request for Production Nos. 8, 10, and 25 to Wellness**

In response to Request Nos. 8, 10, and 25, Wellness asserts the same boilerplate objection stating, without more, that: Wellness objects to this request as "overly broad in time and scope, unduly burdensome and, as written, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" (Dkt. #21-6 at pp. 6–9). As discussed above, in the Fifth Circuit "[t]he party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *O'Bryant*, 802 F. App'x at 833. Here, Wellness's response to Request Nos. 8, 10, and 25 fails to state (with specificity) the reasons as to why each of these requests are overly broad and unduly burdensome. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. Aug. 1, 2018) ("A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence relating to the nature of the burden.") (citation omitted). Moreover, despite being provided with another opportunity to do so, Wellness declined to explain or support its objections to these requests by filing a substantive response to Plaintiff's Motion to Compel. Instead, Wellness simply opted to submit a short two page (four paragraph) general opposition to Plaintiff's Motion (*See* Dkt. #24). Accordingly, Plaintiff's Motion to Compel Wellness's responses to Request Nos. 8, 10, and 25 is **GRANTED**.

**VI.    Plaintiff's Request for Attorney's Fees Associated with Filing this Motion**

Where, as here, a motion to compel is granted in part and denied in part, the Court, under Rule 37 of the Federal Rules of Civil Procedure, has discretion to "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Here, considering all of the circumstances and the Court's rulings, the Court finds that the parties shall bear their own expenses, including attorneys' fees, in connection with Plaintiff's Motion to Compel. Although the Court agrees that several of Defendants' responses and objections were deficient, the Court also found that several of the discovery requests Plaintiff seeks to compel were beyond the permissible scope of discovery. Accordingly, Plaintiff's request to award its fees associated with the Motion to Compel is **DENIED**.

**CONCLUSION**

It is therefore **ORDERED** that Plaintiff The Service Companies' Motion to Compel Defendant's Production of Documents (Dkt. #21) is hereby **GRANTED in part** and **DENIED in part**. Accordingly, the Court hereby **ORDERS** that Barajas serves complete responses (without objections) to Interrogatory Nos. 6 and 7 and produces all unproduced documents, communications, and electronically stored information that are responsive to Request Nos. 19 and 32 by **November 26, 2025**. It is further **ORDERED** that Wellness serves complete responses (without objections) to Interrogatory Nos. 8, 9, and 15 and produces all unproduced documents, communications, and electronically stored information that are responsive to Request Nos. 8, 10, and 25 by **November 26, 2025**.

**IT IS SO ORDERED.**

**SIGNED this 12th day of November, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE